# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| LLOYD FORREST LOWE | § | |
| VS. | § | CIVIL ACTION NO. 1:09-CV-998 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Lloyd Forrest Lowe, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the petition as barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. Petitioner contends that his state application for habeas relief was filed before the one-year statute of limitations expired on December 1, 2007, because he placed the application in the prison mail system on November 30, 2007. Petitioner mistakenly believes that the

limitations period was tolled on November 30, 2007. The "mailbox rule" does not extend to state habeas applications. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Petitioner contends that the state court filed the document on December 3, 2007, which was two days after the limitations period expired.

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that the procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**SIGNED** this the **30** day of **April, 2010.**

Thad Heartfield
United States District Judge